## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

| | |
|---|---|
| **MICHAEL NGUYEN,** ) | |
| ) | |
| **Petitioner,** ) | |
| **v.** ) | **Civil Action No. 1:20-00659** |
| ) | |
| **WARDEN C. MARUKA,** ) | |
| ) | |
| **Respondent.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Petition, the undersigned finds, and hereby respectfully recommends, that Petitioner's Petition should be dismissed.

## FACT AND PROCEDURE

**A.     Criminal Action No. 2:04-cr-00767:**

On August 30, 2007, following a three day jury trial, Petitioner was convicted in the Eastern District of Pennsylvania of one count of Conspiracy to Distribute Marijuana in violation of 21 U.S.C. § 849 (Count 3), and three counts of Possession of Marijuana with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) (Counts 26, 27, 28). United States v. Nguyen, Criminal No. 2:04-00767 (E.D.Penn. May 12, 2008), Document Nos. 645, 700, 701,

---

[1]    Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

702. On May 12, 2008, the District Court sentenced Petitioner to "262 months to be served consecutively to any undischarged state sentence the defendant is currently serving" and a four-year term of supervised release. Id., Document No. 744. The District Court further imposed a $400 special assessment and a $2,500 fine. Id.

On May 13, 2008, Petitioner filed a Notice of Appeal. Id., Document No. 745. As his grounds for appeal, Petitioner argued the following: (1) The District Court erred by denying his motion to dismiss the indictment based on violations of the Speedy Trial Act and the Interstate Agreement on Detainers; (2) The District Court erred by failing to properly respond to two jury questions in its supplemental jury instructions; (3) There was insufficient evidence for the jury to convict Petitioner of being a conspirator; and (5) The District Court erred by imposing a general and unreasonable sentence of 262 months. United States v. Nguyen, 344 Fed.Appx. 821 (3rd Cir. 2009). By Opinion entered on September 8, 2009, the Third Circuit Court of Appeals affirmed Petitioner's convictions and sentence. Id.

**B.    Section 2255 Motion:**

On October 16, 2010, Petitioner filed in the Eastern District of Pennsylvania a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Nguyen, Criminal No. 2:04-00767, Document No. 939. In his Motion, Petitioner asserted that he was denied effective assistance of counsel. Id. The United States filed its Response on January 11, 2011. Id., Document No. 961. On February 17, 2011, Petitioner filed his Reply. Id., Document No. 970. By Memorandum Opinion and Order entered on November 5, 2013, the District Court denied Petitioner's Section 2255 Motion. Id., Document No. 1109. Petitioner filed his Notice of Appeal on December 20, 2013. Id., Document No. 1111. By Judgment dated July 20, 2015, the Third Circuit affirmed the District Court's judgment. Id., Document No. 1145; also see United States v.

Nguyen, 619 Fed.Appx. 136 (3rd Cir. July 20, 2015).

**C.    Motion for Authorization to File a Successive Section 2255 Motion:**

On April 7, 2016, Petitioner filed his Motion for Authorization to File a Successive Section 2255 Motion with the Third Circuit Court of Appeals. In re: Michael Nguyen, Case No. 16-1798 (3rd Cir. 2017). In support, Petitioner argued that his sentence was invalid in light of Johnson v. United States, 135 S.Ct. 2551(2015). Specifically, Petitioner argued that under Johnson, he was improperly classified as a career offender because his prior state conviction for attempted extortion of money no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). Id. By Order entered on May 11, 2016, the Third Circuit stayed the above action pending further order of the Court. Id. By Order entered on March 24, 2017, the Third Circuit notified Petitioner of the Supreme Court's Beckles' decision and directed him to show cause "why the stay should not be lifted and the application under §§ 2244 and 2255 be denied." Id. Petitioner failed to file a response. Id. By Order filed on June 1, 2017, the Third Circuit denied Petitioner's Motion. Id., Document No. 11. The Third Circuit stated, in pertinent part, as follows:

> The stay imposed by the Clerk is lifted. Petitioner's application under 28 U.S.C. §§ 2244 and 2255(h) for leave to file a second or successive § 2255 motion is denied. Petitioner was sentenced under the advisory Sentencing Guidelines. In his § 2244/2255(h) application, he initially sought leave to challenge his sentence on the ground that the definition of "crime of violence" contained in the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague. Petitioner relied for that proposition on Johnson v. United States, 135 S. Ct. 2551 (2015), and he argued that Johnson constitutes a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Supreme Court, however, has since held that the analysis in Johnson does not apply to the advisory Sentencing Guidelines and that, as a result, "§ 4B1.2(a)'s residual clause is not void for vagueness." Beckles v. United States, 137 S. Ct. 886, 897 (2017). Thus, petitioner has not made a prima facie showing that his proposed § 2255 motion satisfies the § 2255(h) standard because, under Beckles, Johnson did not announce a new rule of constitutional law invalidating § 4B1.2(a)'s residual clause. Petitioner also has not responded to the Clerk's order to show cause why his petition should not be denied in light of Beckles.

**D.     Instant Section 2241 Petition:**

On October 7, 2020, Petitioner filed his instant Section 2241 Petition. (Civil Action No. 1:20-00659, Document No. 1.) First, Petitioner argues that his sentence is no longer valid in light of <u>Johnson v. United States</u>, 576 U.S. 591, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (<u>Id.</u>) Petitioner explains that the sentencing court determined Petitioner met the criteria for career offender status pursuant to U.S.S.G. § 4B1.1 based upon his state conviction for attempted extortion of money. (<u>Id.</u>) Petitioner contends that he is entitled to relief because his prior conviction for attempted extortion of money no longer qualifies as a predicate offense in the wake of <u>Johnson</u>. (<u>Id.</u>) Citing <u>In re Jones</u>, Petitioner further argues that he can meet the requirements of the savings clause. <u>Id.</u> Petitioner explains that relief under Section 2255 is inadequate because the Third Circuit has denied him authorization to file a successive Section 2255 Motion based upon the foregoing argument. <u>Id.</u> Second, Petitioner challenges the validity of his Section 841(a)(1) convictions based upon <u>United States v. Williams</u>, 974 F.3d 320 (3rd Cir. 2020), <u>United States v. Rowe</u>, 919 F.3d 752 (3rd Cir. 2019), and <u>Alleyne v. United States</u>, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). (<u>Id.</u>) Petitioner acknowledges that the decisions in <u>Williams</u> and <u>Rowe</u> clarify <u>Alleyne</u>. (<u>Id.</u>) Petitioner argues he is entitled to relief because the United States "never proved a single transaction involving 100 kilograms or more of marijuana." (<u>Id.</u>) Petitioner contends he can satisfy the savings clause because "as the years passed, the law in the Third Circuit clarified these new precedents regarding proof required for application of mandatory minimum sentences in drug conspiracies." (<u>Id.</u>) Petitioner states that he is "unable to file a second or successive § 2255 motion because <u>Rowe</u> was a statutory (not constitutional) decision." (<u>Id.</u>) Therefore, Petitioner requests that this Court vacate his Section 841(a)(1) convictions and sentence. (<u>Id.</u>)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000), abrogated on other grounds by, Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal

5

sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his Section 841(a)(1) convictions and sentence as imposed by the Eastern District of Pennsylvania. Specifically, Petitioner alleges that his sentence is invalid based upon Johnson and his Section 841(a)(1) convictions are invalid based upon Williams, Rowe, and Alleyne. Petitioner, therefore, is clearly challenging the validity of his convictions and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Petition as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Pennsylvania. While a Section 2255 Motion filed in a Court other than the sentencing

Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Petition should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Third Circuit Court of Appeals.[2]

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the Section 2255's "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction or sentence in a venue other than the sentencing court if the petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e)("An application for a writ of habeas corpus in behalf of a petitioner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to

---

[2]   Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." 28 U.S.C. § 2244(b)(3)(A). To the extent Petitioner's relies upon *Johnson*, the Third Circuit has denied Petitioner authorization to file a successive Section 2255 Motion. *In re: Michael Nguyen,* Case No. 16-1798 (3rd Cir. 2017).

the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.")(emphasis added). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). Over the years, a circuit split resulted from courts struggling with determining when Section 2255 was "inadequate or ineffective" such to permit a petitioner to proceed under the "savings clause." See Jones v. Hendrix, 8 F.4th 683, 686-87 (8th Cir. 2021)(noting the circuit split over the question whether a change in case law, combined with the successive motions bar, makes Section 2255's remedy inadequate or ineffective as to allow a petitioner to seek relief under Section 2241). Recently, the United States Supreme Court addressed the issue in Jones v. Hendrix holding that "§ 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. ___, 143 S.Ct. 1857, ___ L.Ed.2d ___ (2023).

Prior to Jones v. Hendrix, the Fourth Circuit stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

8

cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. In a panel opinion, the Fourth Circuit extended the application of the savings clause to sentencing challenges. United States v. Wheeler, 886 F.3d 415 (4th Cir. March 28, 2018). For purposes of sentencing challenges, the Wheeler Court established a new savings clause test stating that Section 2255 is inadequate and ineffective to test the legality of a sentence when: "(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motion; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." Id. at 429. "The Supreme Court's recent decision in Jones v. Hendrix rejected the foundation of the Fourth Circuit's reasoning in interpreting the saving clause and abrogated the standards in In re Jones and Wheeler." Barrie v. United States, 2023 WL 5044977, * 3 (E.D.Va. Aug. 8, 2023); also see Johnson v. Dunbar, 2023 WL 5211052, * 3 (D.S.C. July 12, 2023)(finding that "*Jones v. Hendrix* abrogated the holdings *In re Jones* and *Wheeler*"), report and recommendation adopted by, 2023 WL 5207981 (D.S.C. Aug. 14, 2023). As stated above, the Supreme Court clarified in Jones v. Hendrix that "§2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1860. The Supreme Court emphasized that the savings clause does not provide a means for a petitioner to evade the limitations of Section 2255(h) such that a petitioner's inability to satisfy the requirements of Section 2255(h) equals a determination

that Section 2255 is "inadequate or ineffective" in satisfaction of the savings clause. Id., 599 U.S. at ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case.") The Supreme Court stated that the "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." Id., 599 U.S. at ___, 143 S.Ct. at 1868. The Supreme Court further explained that when Congress enacted Section 2255, the savings clause covered "unusual circumstances" where "it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Id. Additionally, the savings clause "might also apply when 'it is not practicable for a prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" Id., 599 U.S. at ___, 143 S.Ct. at 1866(citation omitted). Finally, the Supreme Court reiterated that the savings clause "does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." Id., 599 U.S. at ___, 143 S.Ct. at 1867(emphasis in original).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. To the extent Petitioner relies upon Johnson, Petitioner cannot satisfy the criteria of the savings clause. In light of Welch v. United States, 578 U.S. 120, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), the above decision is a new rule of constitutional law that may be applied retroactively on collateral review. As explained above, Petitioner sought and was denied

authorization to file a successive Section 2255 Motion based upon <u>Johnson</u> because <u>Johnson</u> was inapplicable.[3] <u>In re: Michael Nguyen</u>, Case No. 16-1798 (3rd Cir. 2017); <u>also see</u> <u>Johnson v. Brown</u>, 2023 WL 5289215, * 3 (N.D.W.Va. Aug. 16, 2023)(Citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 petition wherein he challenged the validity of his conviction and sentence based upon *Davis*); <u>Young v. Streeval</u>, 2023 WL 4980569 (W.D.Va. Aug. 3, 2023)(Citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 petition wherein he argued his sentenced was invalid on the basis that one of his prior convictions did not qualify as a predicate offense under the Armed Career Criminal Act). To the extent Petitioner relies upon <u>Williams</u>,[4] <u>Rowe</u>, and <u>Alleyne</u>[5] to challenge the validity of his Section 841(a)(1) convictions,

---

[3] Additionally, Petitioner's reliance upon *Johnson* to challenge the validity of his Sentencing Guideline range is without merit. On March 6, 2017, the United States Supreme Court held that the United States Sentencing Guidelines were not subject to a void for vagueness challenge under the Fifth Amendment. *Beckles v. United States*, ___ U.S. __, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Furthermore, Petitioner is clearly challenging his sentencing enhancement under the advisory Guidelines. In *United States v. Foote*, 784 F.3d 931, 939 (4th Cir. 2015), the Fourth Circuit considered whether a petitioner's *habeas* challenge to his sentence, which was based on a subsequently nullified career offender designation, was a fundamental defect that inherently results in a miscarriage of justice. *Foote*, 784 F.3d at 932. The Fourth Circuit explained that it declined to "declare that a fundamental defect or a complete miscarriage of justice has occurred in a situation in which [a petitioner] was (and on remand, would again be) sentenced under an advisory Guidelines scheme requiring individualized analysis of the sentencing factors set forth in 18 U.S.C. § 3553(a)." *Id.* at 941.

[4] In *Williams*, the Third Circuit stated as follows:

> [O]ur Court in *United States v. Rowe*, 919 F.3d 752 (3rd Cir. 2019), clarified the effect of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), upon the distribution and possession elements of § 841(a)(1). We held that provisions of § 841(b)(1)(A) and (b)(1)(B) attach to each discrete act of distribution or possession because they specify facts that increase the statutory penalty, and so, under *Alleyne*, constitute an "element of distinct and aggravated crime," [ ] that must be submitted to the jury [ ]. As a result, the jury may not "combine the amounts distributed or possessed" at discrete instances to find the drug quantities specified in § 841(b)(1)(A) and (b)(1)(B).

[5] The Third Circuit has held that *Alleyne* is not applicable retroactively to cases on collateral review. *United States v. Reyes*, 755 F.3d 210 (3rd Cir. 2014). Thus, even assuming *Jones v. Hendrix* did not abrogate *In re Jones* and *Wheeler*, Petitioner could not satisfy the savings clause

11

Petitioner cannot satisfy the criteria of the savings clause. As to both of his challenges, Petitioner acknowledges that he is seeking relief under the savings clause because he cannot meet Section 2255(h)'s requirements for filing a second or successive Section 2255 Motion with the sentencing court. As stated above, the fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 "inadequate or ineffective." See Jones v. Hendrix, 599 ___ U.S. ___, 143 S.Ct. at 1869("The inability of a prisoner with a statutory claim to satisfy those conditions [of Section 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all."); also see Barfield v. Streeval, 2023 WL 5318468 (4th Cir. Aug. 18, 2023)(dismissing petitioner's Section 2241 petition challenging the validity of his conviction in light of the Supreme Court's *Jones v. Hendrix* decision); Folk v. Gibson, 2023 WL 5018422, * 2 (M.D.Penn. Aug. 7, 2023)(citing *Jones v. Hendrix* in dismissing petitioner's Section 2241 challenge to his conviction based upon *Rowe*). Nor has Petitioner identified any "unusual circumstances" that would make it "impossible or impracticable" to seek relief from the sentencing court. See Jones v. Hendrix, 599 U.S. at ___, 143 S.Ct. at 1868; also see Joseph v. Dunbar, 2023 WL 5093488 (6th Cir. Aug. 8, 2023)(stating that *Jones v. Hendrix* makes "clear that [a petitioner] cannot use § 2241 as 'an end-run around' § 2255(h)'s rules"); Walton v. Warden, 2023 WL 5011933 (2nd Cir. Aug. 7, 2023)( petitioner failed to "suggest that 'unusual circumstances' render it 'impossible or impracticable for [him] to seek relief from the sentencing court.'"); Davis v. Streeval, 2023 WL 4828506, * 2 (W.D.Va. July 27, 2023)("[A] prisoner cannot use § 2241 to accomplish what he could not do in his request for a second motion under § 2255."). Based upon the foregoing, Petitioner has failed to sustain his burden of showing the

requirements.

inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed without prejudice for lack of subject matter jurisdiction. See Clark v. Leu, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023)(citing Ali v. Hogan, 26 F.4th 587, 600 (4th Cir. 2022))(recognizing that dismissal of a Section 2241 petition for lack of subject matter jurisdiction must be a dismissal without prejudice).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS without prejudice** Petitioner's Section 2241 Petition (Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v.

Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: August 25, 2023.

Omar J. Aboulhosn
United States Magistrate Judge

14